IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL GREEN,

                Plaintiffs,              OPINION AND ORDER

v.

                                              25-cv-239-wmc

FITNESS VENTURES LLC,

                Defendant.

---

Plaintiff Michael Green, who represents himself, has filed a complaint (dkt. #1) and proposed amended complaint (dkt. #4), which the court will consider a supplement to his initial complaint, alleging that defendant Fitness Ventures LLC discriminated against him on the basis of his race and political affiliation in conjunction with a gym membership, in violation of Titles II and VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Because plaintiff seeks to proceed without prepayment of the entire filing fee, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). The court accepts plaintiff's allegations as true and construes them generously, holding his pro se complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). For the following reasons, the court concludes that plaintiff's allegations fail to state a claim upon which relief can be granted. However, the court will give plaintiff a brief opportunity to amend his complaint if he wishes to do so.

ALLEGATIONS OF FACT[1]

On March 30, 2025, plaintiff Michael Green, who is African American, was exercising at Crunch Fitness in Madison, Wisconsin, when one of defendant's staff members and two City of Madison police officers approached him. The staff member told plaintiff in vague terms that he needed to leave because he was acting aggressively toward other gym members. Upon exiting the locker room after changing his clothes, plaintiff was confronted by six to ten police officers, who explained that they were called to make sure plaintiff left the premises.

After leaving the gym, plaintiff flagged down an officer to help him retrieve items that he had left in the locker room. When plaintiff called the gym to tell a staff member that an officer would be coming for his things, plaintiff complained that the gym played vulgar rap music containing racially-demeaning stereotypes of African Americans. The staff member acknowledged that his decision to call law enforcement before speaking to plaintiff was influenced by these stereotypes. In his initial complaint, plaintiff also alleged that someone at the gym had the police called as some kind of retaliation for plaintiff being a black supporter of President Trump. During prior visits to the gym, plaintiff had worn a pro-Trump hat, and staff and guests had stared at him in a hostile manner.

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). As a result, the allegations of fact in this section, which are taken from the original complaint (dkt. #1) and proposed amended complaint (dkt. #4), are presumed true for the purpose of screening.

OPINION

Plaintiff generally contends that defendant discriminated against him on the basis of his race and political affiliation by calling the police to escort him out of the gym without speaking to him about complaints that he was acting aggressively. The court understands plaintiff to be asserting liability under Titles II and VII of the Civil Rights Act and 42 U.S.C. § 1981.

### A. Civil Rights Act

While plaintiff seeks to bring discrimination claims against defendant under both Titles II and VII of the Civil Rights Act, Title VII only applies to employers and, therefore, is not applicable in this case. *See* 42 U.S.C. § 2000e–2(a). Still, Title II of the Civil Rights Act prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation. 42 U.S.C. § 2000a; *Flores v. Progressive Ins.*, No. 23-cv-398, 2024 WL 1701705, at *3 (W.D. Wis. Apr. 19, 2024); *Jacobs v. Schermitzler*, No. 22-C-386, 2022 WL 17361709, at *3 (E.D. Wis. Dec. 1, 2022). The court will assume for purposes of this opinion that defendant's gym is a place of public accommodation under Title II.

To state a claim under Title II, plaintiff must allege facts *plausibly* suggesting that gym staff prevented plaintiff from fully and equally enjoying the gym's goods, services, facilities, privileges, advantages, and accommodations based on his race. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). Plaintiff's allegations that a gym guest complained about him in retaliation for expressing his political affiliation does not fall within the protection of Title II. While plaintiff also alleges that a staff member admitted he called the police to escort plaintiff out of the gym, as opposed to asking plaintiff directly

3

to leave, his own allegations suggest that he was removed from the gym for acting aggressively toward other gym members and not because he is black. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (to state a discrimination claim, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together"). Accordingly, the court will not allow plaintiff to proceed against defendants under either Title II or Title VII.

B.  Section 1981

Originally adopted as part of the Civil Rights Act of 1866, the current version of § 1981 was last amended in 1991, and guarantees that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Stated simply, "section 1981 prohibits race discrimination in the making and enforcing of contracts." *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). To prevail on a claim under § 1981, therefore, "a plaintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African-Owned Media*, 589 U.S. 327, 341 (2020). As discussed above, plaintiff has not plausibly alleged that defendant discriminated against him based on race as opposed to his political affiliation in executing or failing to abide by his gym contract. Therefore, plaintiff also will be denied leave to proceed against defendant under § 1981.

4

Absent a viable claim, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915A(b). The Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Accordingly, the complaint will be dismissed without prejudice to plaintiff filing an amended complaint that may provide some basis for the court to infer racial animus on the part of defendant, if he wishes to do so, within 30 days.

ORDER

IT IS ORDERED that plaintiff Michael Green's complaint is DISMISSED without prejudice to plaintiff's filing an amended complaint no later than **December 5, 2025**. If plaintiff does not file an amended complaint within the time allowed, this case will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Entered this 5th day of November, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY